## UNITED AIRCRAFT CORPORATION
### v.
Henry I. BOREEN, Richard H. Moyer, John H. Kindregan, Achille Pollino, Alvin Atteson, Stephen Markoe, Louis N. Pomante and Eugene C. Conser.

Civ. A. Nos. 43563, 43586, 43588, 43587, 43598, 43590, 43589 and 43591.

United States District Court
E. D. Pennsylvania.

Nov. 8, 1968.

See also D.C., 284 F.Supp. 428.

LaBrum & Doak, Edward C. German, Joseph G. Manta, Philadelphia, Pa., Cole & Groner, Alan Y. Cole, Washington, D. C., for plaintiff.

Wolf, Block, Schorr & Solis-Cohen, Bernard M. Borish, Judah L. Labovitz, Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Following the entry of the final decree in this case, and after there had been an appeal and cross-appeal, we entered an order staying the enforcement of the final decree pending appeal. The stay

order was based upon certain conditions. One of these was as follows:

"During the pendency of said appeal, defendant Henry I. Boreen shall be and he is hereby enjoined and restrained from making further investment in Solid State Scientific Corporation, whether by purchase of stock or bonds, making or guaranteeing loans made by others, or otherwise, it being the intention of this provision and of this stay to maintain the status quo presently in existence."

Plaintiff has now moved for supplemental injunctive relief in effectuation of the order, basing its motion upon the allegation of a proposed merger of Solid State Scientific Corporation (SSSC), a non-party, with Tresco, Inc. We are asked to enjoin Boreen from voting his SSSC stock. The plaintiff argues that under the applicable Delaware law a two-thirds vote of the shareholders is required for approval of a merger. Since Boreen owns more than one-third of the stock of SSSC, his vote in favor of the merger is necessary for its effectuation. Plaintiff argues that since the merger would presumably increase the potential of SSSC to compete with the plaintiff, Boreen's vote in favor would be, in effect, an investment by Boreen in violation of Section 2 of the stay order.

Although we may agree that this argument is sound, in light of our conclusion it is unnecessary to decide this question. This action, of course, is equitable in nature and we must apply principles of equity. In the first place, at the hearing held on the plaintiff's present motion nothing really emerged of record as to whether or not the competition potential of SSSC would in fact be increased and if so, to what extent. On this record, while it is not an unreasonable assumption that some increase will take place, it is nevertheless an assumption without evidence to support it. Even granting this assumption, however, there is nothing to show the extent of the increase. We find ourselves unable to discern any threat of damage to plaintiff that cannot be remedied by the recovery of money damages.

On the other hand, the defendants other than Boreen at this point are totally innocent and SSSC is not even a party. It is reasonable to assume that the prevention of the proposed merger would result in a loss of investment opportunity to the innocent defendants and the non-party. That loss of opportunity appears to be more imminent and more real than the potential threat of harm to plaintiff. Again, however, we cannot determine from this record whether that loss will result in damage to defendants, and if so, how much. One stark difference emerges as between possible damage to the plaintiff and possible damage to the defendants and SSSC and to Boreen if he succeeds on appeal: the former is remediable by damages; the latter is not.

Since this is so, we think that equitable considerations demand that the motion be denied.

It is so ordered.